# EXHIBIT "A"

43283181 v1

# FINDER'S FEE AGREEMENT

This Finder's Fee Agreement (this "Agreement") is entered into as of June 16, 2022, by and between iCoreConnect, Inc. ("ICCT") and PIGI Solutions, LLC (the "Finder").

**WHERAS**, ICCT wishes to explore a potential business combination transaction.

**WHEREAS**, the Finder will be providing information to ICCT relating to a proposed business combination transaction involving one or more companies (each a "Target") listed in Schedule A (which schedule is to be mutually agreed by ICCT and Finder and attached hereto and periodically updated from time to time by mutual agreement) and ICCT and (such proposed transaction, the "Transaction"); and

**WHEREAS**, in consideration for the introduction of the Transaction to ICCT by the Finder and the Finder assisting ICCT in consummating an initial business combination with the Target, ICCT wishes to pay the Finder a finder's fee in cash, subject to the consummation of the Transaction.

**NOW THEREFORE**, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **Limited Role of Finder.** The Finder is not authorized to act as agent for ICCT, nor act on behalf of ICCT or in the name of ICCT, nor bind ICCT in any manner. The Finder is and shall be an independent contractor and not an employee, agent, representative, affiliate, partner or joint ventures of ICCT or any of its affiliates, and the Finder shall not hold itself out as such and shall not make any assertion that could lead the Target or any other third party to believe that the Finder is an employee, agent, representative, affiliate, partner or joint venturer of ICCT or any of its affiliates. Prior to the earlier of (a) the consummation of the Transaction, (b) such time as ICCT informs the Finder that it is no longer actively considering or evaluating an initial business combination with the Target and (c) ICCT consummates any other initial business combination transaction, this Agreement shall be exclusive as between ICCT and the Finder with respect to the Finder making an introduction of the Transaction to ICCT and the Finder assisting ICCT in consummating an initial business combination with the Target, and the Finder shall not be permitted to perform similar services for any other person or otherwise assist, in any way, any other party concerning any merger, share exchange, asset acquisition or disposition, share purchase, business combination, reorganization or similar business combination with the Target. ICCT acknowledges and agrees that the Finder shall assume no responsibility for the accuracy or completeness of any information provided by the Target to ICCT or information obtained by ICCT from generally recognized public sources about the Target, in each case, that is used or relied on by ICCT in evaluating the Transaction. The parties hereto agree that the Finder's function with respect to the subject matter contemplated by this Agreement is to assist ICCT in consummating an initial business combination with the Target.

2. **Finder Representations**. The Finder hereby represents and warrants to ICCT that it is a registered member of the Financial Industry Regulation Authority as of the date hereof.

3. **Compensation to Finder**. As compensation for its services hereunder, the Finder shall receive a cash fee in the amount of $1.5 million (the "Cash Fee"), for any transaction value closed below the value of $99,000,000, $2.0 million for any transaction value that closes between a value of $100,000,000 and $120,000,000 and $2.5 million for any transaction value closed above $120,000,000, payable to the Finder only if ICCT consummates the Transaction with the Target. If the business combination with Target results a post-merger valuation in excess of $130 million, an incremental $500,000 cash fee will be payable to the Finder (the "Incentive Cash Fee"). Both the Cash Fee and Incentive Cash Fee shall be paid by ICCT to the Finder within thirty (30) days of the consummation of the Transaction and the Finder shall provide ICCT with wire instructions for payment of the Cash Fee and Incentive Cash Fee promptly following the consummation of the Transaction. The Finder shall be responsible for its own overhead and out of pocket expenses incurred in connection with the services provided hereunder. The Finder acknowledges and agrees

that it shall not claim a fee or similar compensation from any other person, including (without limitation) the Target or any of the Target's affiliates, owners, equity holders, agents or representatives with respect to the Transaction.

4. **Confidentiality**. ICCT and the Finder acknowledge that they entered into that certain Non-Circumvent and Non-Disclosure Agreement, dated as of June 1, 2022 (the "NDA"), which remains in full force and effect in accordance with its terms. This Agreement and the subject matter contemplated herein shall be Confidential Information (as defined in the NDA).

5. **Miscellaneous**.

   (a) This Agreement may be amended only by a writing signed by each of the parties hereto; and shall not be assigned, pledged or otherwise transferred by any party, whether by operation of law or otherwise, without the prior written consent of the other party.

   (b) This Agreement may be executed in any number of counterparts, each of which when so executed shall be deemed an original, but such counterparts shall together constitute one and the same Agreement.

   (c) This Agreement contains the entire agreement of the parties hereto with respect to the subject matter hereof and supersedes all prior written and oral agreements, and all contemporaneous oral agreements, relating to the subject matter hereof.

   (d) This Agreement, and any dispute arising out of, relating to or in connection with this Agreement shall be governed by, and construed in accordance with, the laws of the State of Delaware, without giving effect to principles of conflict of laws that would require the application of the law of a different jurisdiction. Each party to this Agreement (a) irrevocably and unconditionally submits to the personal jurisdiction of the federal courts of the United States of America located in the State of Delaware and the Court of Chancery of the State of Delaware, (b) agrees that it will not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from any such court, (c) agrees that any actions or proceedings arising in connection with this Agreement or the transactions contemplated by this Agreement shall be brought, tried and determined only in the Delaware Court of Chancery (or, only if the Delaware Court of Chancery declines to accept jurisdiction over a particular matter, any state or federal court within the State of Delaware), (d) waives any claim of improper venue or any claim that those courts are an inconvenient forum, (e) agrees that it will not bring any action relating to this Agreement or the transactions contemplated hereunder in any court other than the aforesaid courts, and (f) waives its right to a trial by jury.

   (e) The Finder shall be liable for all taxes and withholdings applicable to its engagement hereunder and all fees earned by it hereunder, if any, and shall indemnify and hold harmless ICCT for all such taxes and withholdings for which ICCT or its affiliates may be determined to be liable. ICCT shall be entitled to deduct and withhold (or cause to be deducted and withheld) from any consideration payable or otherwise deliverable pursuant to this Agreement such amounts as ICCT determines are required to be deducted or withheld therefrom under the Internal Revenue Code of 1986, as amended, or under any provision of state, local or foreign tax law or under any other applicable law. The Finder shall provide to ICCT all relevant documentation regarding the absence of any such withholding. ICCT and the Finder shall use commercially reasonable efforts to cooperate to minimize any such withholding. To the extent such amounts are so deducted or withheld, such amounts shall be

    treated as paid to the Finder or to whom such amounts would otherwise have been paid.

(f) If any term or other provision of this Agreement is held to be invalid, illegal or incapable of being enforced by any applicable law or public policy, all other conditions and provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of the transactions is not affected in any manner materially adverse to any party. Upon a determination that any term or other provision is invalid, illegal or incapable of being enforced, the parties hereto shall negotiate in good faith to modify this Agreement so as to effect the original intent of the parties as closely as possible in a mutually acceptable manner.

[*Signature Pages Follow*]

IN WITNESS WHEREOF, each of the parties hereto have executed this Agreement as of the date first set forth above.

**ICCT:**

ICORECONNECT, INC.

By: _/s/ Robert McDermott_
Name: Robert McDermott
Title: Chief Executive Officer

**FINDER:**

PIGI SOLUTIONS, LLC

By: _/s/ Peter Wright_
Name: Peter Wright
Title: Managing Member

*[Signature page to ICCT Finder's Fee Agreement]*