UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ICORE MIDCO INC. and
ICORECONNECT INC.,

    Plaintiffs,

v.                                                 Case No: 6:25-cv-600-JSS-LHP

PIGI SOLUTIONS, LLC and JOHN
SCHNELLER,

    Defendants.
_____/

## **ORDER**

Plaintiffs iCore Midco Inc. and iCoreConnect Inc. move for an ex parte temporary restraining order without notice and a preliminary injunction against Defendants PIGI Solutions, LLC and John Schneller. (Motion, Dkt. 2.) For the reasons outlined below, the court denies the Motion.

According to the complaint, iCore Midco Inc. is a cloud-based software and technology company that provides cloud-based software for the healthcare sector. (Dkt. 1 ¶¶ 1, 10.) iCoreConnect Inc. is the parent company of iCore Midco Inc., which holds 100% of iCore Midco Inc.'s outstanding and issued stock. (*Id.* ¶ 2.) iCoreConnect Inc. entered into a subordinated security agreement with PIGI Solutions, LLC, granting PIGI Solutions, LLC a security interest in all its personal property. (*Id.* ¶¶ 34–38; Dkt. 1-6 at 2.) Plaintiffs seek to enjoin PIGI Solutions, LLC from conducting a public auction sale of Plaintiffs personal property. (Dkt. 2 at 2.)

Federal Rule of Civil Procedure 65(b) expressly provides that a court:

> [M]ay issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). "[T]he requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process." *Woodard-CM, LLC v. Sunlord Leisure Products, Inc.*, No. 20-23104-CIV-WILLIAMS, 2020 WL 5547917, at *1 (S.D. Fla. July 29, 2020). "The stringent requirements . . . [for obtaining] ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Granny Goose Foods, Inc., v. Brotherhood. of Teamsters & Auto Truck Drivers, Local No. 70*, 415 U.S. 423, 438–39 (1974).

Plaintiffs' counsel has not certified in writing the efforts made to provide Defendants notice and the reasons why it should not be required as stated in Rule 65(b)(1)(B). (Dkts. 1, 2). *See Kazal v. Price*, No. 8:17–cv–2945–T–23AAS, 2017 WL 6270086, at *4 (M.D. Fla. Dec. 8, 2017) (denying the plaintiffs' motion for an ex parte temporary restraining order when the "plaintiffs' attorneys fail[ed] to submit an affidavit certifying an effort to notify [the defendant] about the motion and fail[ed] to explain the necessity for an ex parte order"); *Woodard-CM*, 2020 WL 5547917, at *1–2 (same); *see also Glob. HTM Promotional Grp., Inc. v. Angel Music Grp., LLC*, No. 06-

20441-CIV-COOKE/Brown, 2006 WL 8432722, at *1 (S.D. Fla. Mar. 1, 2006) (explaining that "[t]he normal reason for proceeding without notice is that the opposing side is unable to be found[,] or the identity of the opposing side is unknown"). As such, the court will deny the Motion to allow Plaintiffs to provide notice to Defendants or to provide a valid basis with supporting binding legal authority as to why such notice should not be afforded.

Accordingly, Plaintiffs' Time-Sensitive Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction (Dkt. 2) is **DENIED**.

**ORDERED** in Orlando, Florida, on April 9, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record